IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **KOURI DUNKLE**<br>   **Plaintiff**<br>14225 Basore Drive<br>Hagerstown, Maryland 21742<br><br>v.<br><br>**FIRST DATA TECHNOLOGIES, INC.**<br>*d/b/a/ First Data*<br>7 St. Paul Street, Suite 820<br>Baltimore, Maryland 21202<br>  <u>Serve on Resident Agent</u>:<br>  CSC-LAWYERS INC. Service Co.<br>  7 ST. PAUL STREET, SUITE 820<br>  BALTIMORE, MD 21202<br><br>and<br><br>**WAGE WORKS**<br>*d/b/a/ Benefit Concepts, a division of*<br>  *Wage Works*<br>1100 PARK PLACE, 4th Floor<br>SAN MATEO, CA 94403<br>  <u>Serve on Resident Agent</u>:<br>  NATIONAL REGISTERED AGENTS,<br>    INC. OF MD.<br>  351 W CAMDEN STREET<br>  BALTIMORE, MD 21201 | **Civil Action Number:** _____ |

## COMPLAINT

Plaintiff Kouri Dunkel, by her attorneys, respectfully files this Complaint alleging that Defendants violated the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended ("COBRA"), the Employee Retirement Income Security Act of 1974 (ERISA) and states as follows:

I. **PARTIES**

1. Plaintiff Kouri Dunkle [hereinafter Plaintiff] is an adult resident of the state of Maryland.

2. Plaintiff worked for Defendant First Data Technologies Inc. [herineafter Defendant First Data] in the State of Maryland April 14, 2014 until August 12, 2014, when she was forced to stop working completely.

3. Plaintiff worked full-time as a 'merchants service'.

4. Plaintiff's "AETNA" medical insurance plan correspondence states that her employee health insurance was provided by Defendant First Data.

5. Defendant First Data uses and/or appoints as agent Defendant Wage Works, Inc. and its division Benefits Concepts Inc, to administer employee benefits of employees, including Plaintiff's.

6. Defendant Wage Works, Inc., corresponded with Plaintiff directly while styling itself as both Wage Works, Inc., and as a "Benefit Concepts, a division of Wage Works, Inc." [hereinafter "Wage Works"].

7. At all times relevant to this Complaint, Plaintiff worked for and/or suffered injuries from Defendants First Data and Wage Works.

II. **STATEMENT OF FACTS PERTAINING TO COBRA VIOLATIONS**

8. Plaintiff was employed by Defendant First Data and participated in Defendant First Data's health and dental insurance plans.

9. Plaintiff was a satisfactory employee at her job at all times relevant to this Complaint before she became ill in 2014.

10. Defendant First Data employed more than twenty (20) employees when Plaintiff was employed by it.

11. Plaintiff became ill in 2014 and requested and received a leave of absence from Defendant First Data from August 12, 2014, through September 12, 2014. Unfortunately, Plaintiff was never able to return to work for Defendant First Data after September 12, 2014.

12. Plaintiff received correspondence on December 11, 2014, advising that Benefits Concepts Inc. a division of Defendant Wage Works, Inc., was the COBRA Administrator of her health insurance plans.

13. The Plan administrator of Plaintiff's medical and dental plans was also either and/or both Defendants Wage Works Inc. and/or Benefit Concepts upon information and belief and subject to evidence produced in discovery during litigation.

14. Plaintiff stopped working on or about August 12, 2014, due to medical problems.

15. Defendant First Data on September 5, September 15, September 19, October 10, and on October 31, 2014, issued paychecks to Plaintiff indicating and communicating that Plaintiff remained employed and that her health insurance premiums were being paid through accrued sick days, vacation days, and through other means and benefits. (See Exhibit 1 – attached paystubs)

16. On December 4, 2014, Plaintiff was not terminated for gross misconduct but rather due to her being medically unable to work retroactively to September 12, 2014. *See* Exhibit 2 – letter from Defendant First Data to Kouri Dunkel).

17. Plaintiff did not receive the required COBRA notice following her stopping work in August 2014 and could not return to work for the Defendant First Data, even though

stopping working was a qualifying event under the COBRA statute and even though the COBRA election notice was due within forty four (44) days of her stopping work.

18. On December 11, 2014, Defendants Wage Works and Benefit Concepts attempted to back date Plaintiff's "Cobra election notice" to September 12, 2014, even though no COBRA election notice was sent prior to December 11, 2014 . *See* (Exhibit 3 – COBRA election notice sent to Kouri Dunkel from Defendant Wage Works)

19. At the time that Defendants sent the December 11, 2014 COBRA notice, they knew that Plaintiff had not received a COBRA notice within fourteen (14) days of her cessation of work on August 12, 2014 or her retroactive termination date of September 12, 2014..

20. At the time that Defendants sent the December 11, 2014 COBRA notice, they knew that Plaintiff had not received a COBRA election notice within the appropriate time period required in the COBRA statute and attempted to charge Plaintiff for all COBRA premiums due and owing from September 2014 through December 2014 even though Plaintiff already had health insurance premiums deducted from her pay checks from August 12, 2014 through October 31, 2014.

21. On December 11, 2014, Defendants Wage Works and Benefit Concepts Inc. also notified Plaintiff that she was fully financially responsible for all medical bills incurred prior to the election of her first payment of COBRA coverage that could only be made after December 11, 2014. (See Exhibit 3 at p. 2)

22. Plaintiff has sustained damages as a result of Defendants' COBRA violations .

23. Plaintiff has incurred extensive medical expenses that she may still be financially responsible for because the expenses were incurred prior to the payment of her COBRA premiums.

24. **STATEMENT OF FACTS PERTAINING TO ERISA VIOLATION**

25. All preceding factual allegations in paragraphs 1-23 are incorporated herein.

26. Defendant First Data and/or Defendant Wage Works, jointly and/or separately, constitute the Plan Administrator of the First Data health and dental insurance plan and are fiduciaries as that term is defined under ERISA under 29 U.S.C. 1002 (21) (A)

27. Defendant First Data was also a fiduciary under ERISA because it was entrusted with employee funds for remittance to a claims administrator along with any employer contributions.

28. Defendant Wage Works was also a fiduciary under ERISA because it managed the health insurance plan including sending out COBRA election notices and provide other relevant information about health insurance benefits

29. Defendants were aware that Plaintiff was employed by Defendant First Data through at least September 12, 2014. See Exhibits 2 &3 .

30. During the fall 2014, Plaintiff had extensive medical treatment for Crohn's disease and an anovaginal fistula, including several days of treatment at Johns Hopkins Hospital.

31. Plaintiff's medical treatment and bills for the surgery, medication and follow-up care were initially approved as medically necessary by Defendants after August 12, 2014

32. Defendants knew or should have known that Plaintiff had paid health insurance premiums through October 31, 2014. See Exhibit 1

33. Defendants had a fiduciary duty under ERISA to send or use monies due and owing to Plaintiff for payments of premiums to continue her health insurance coverage..

34. Defendants breached their fiduciary duty under ERISA by not sending or using Plaintiff's accrued benefits and/or monies for payments of premiums and retroactively requiring her to pay health insurance premiums through COBRA between August 12, 2014 and October 31, 2014.

35. Defendants breached their fiduciary duty under ERISA by retroactively annulling and/or disregarding and/or ignoring any payment of premiums through October 31, 2014.

36. On or after December 2014, Defendants breached their fiduciary duty under ERISA by changing Plaintiff's dates of health insurance coverage from ongoing coverage backwards to September 12, 2014, a termination date. *See* Exhibit 2 & 3.

37. Defendants also breached their fiduciary duty by failing to advise Plaintiff about her rights under COBRA from August 12, 2014, when she stopped working through December 11, 2014.

38. Defendants took the actions listed above for their own financial benefit.

39. Plaintiff would not have sought the medical care with knowledge of lack of medical insurance, and/or would have continued her medical insurance coverage under workplace rules if she had known that her health insurance coverage would be retroactively cancelled back to September 12, 2014, and not timely continued under

COBRA, and that her payment of health insurance premiums had not taken place and/or would be annulled and disregarded in part or in whole.

## JURISDICTION & VENUE

37. This Court, pursuant to 28 U.S.C. § 1331, has original subject matter jurisdiction over this matter based on 29 U.S.C. §§ 1161 et seq., COBRA post-employment health insurance continuation coverage.

38. The unlawful acts occurred in this District.

39. Defendants do business regularly and continuously in this District.

## VIOLATIONS OF LAW
## COUNT I – COBRA VIOLATION
## FAILURE TO PROVIDE TIMELY NOTICE UNDER COBRA

40. Plaintiff reiterates, re-alleges and incorporates by reference all allegations contained in this Complaint in their entirety in paragraphs 1 through 39.

41. Plaintiff is and was a "covered employee" within the meaning of COBRA, at all relevant times to this lawsuit.

42. The Defendants' "group health plan" was a plan within the meaning of COBRA.

43. Plaintiff's stopping work in August 2014 is and was a "qualifying event" within the meaning of 29 U.S.C. §1163(2) because her working hours were reduced to zero.

44. Plaintiff's termination retroactive to September 2014 was also a qualifying event within the meaning of 29 U.S.C. 1163 (2).

45. Defendants were required to notify Plaintiff of her right to elect to continue health insurance coverage for 29 months following her stopping work, pursuant to 29 U.S.C. §1162(2)(a)(i).

46. Defendants were required to notify Plaintiff that she had fourteen (14) days from the date of stopping work to elect COBRA continuation coverage, pursuant to 29 U.S.C. §1165(a)(1)(B).

47. Defendants were required to notify Plaintiff of her right to elect continuation coverage under COBRA within fourteen (14) days of her stopping work and also her termination, pursuant to 29 U.S.C. §§ 1166.

48. Defendants failed to notify Plaintiff of her right to elect COBRA continuation coverage in a timely manner.

49. Defendants violated the notice requirements of COBRA.

50. As a result of Defendants' violation of federal law, Plaintiff was not allowed to continue health insurance coverage in a timely manner and suffered monetary damages including but not limited to being forced to pay for double health insurance premiums after a lengthy in-patient hospitalization. <u>Exhibit 4 – letter from Kaouir Dunkle to First Data and Wage Works. Dated December 28, 2014.</u>

51. <u>Relief Requested</u>: Plaintiff respectfully requests that: (a) judgment be entered in their favor; (b) Plaintiff be awarded the full statutory penalty for each day Defendants violated COBRA; (c) Defendants be required to pay for and reimburse Plaintiff and others for all damages and losses sustained by Plaintiff; (d) Plaintiff be provided all other relief that may be necessary to make Plaintiff whole for the wrongs committed against by Defendants;(e) pre- and post-judgment interest be awarded; and (f) attorney fees and costs be awarded to Plaintiff.

**VIOLATIONS OF LAW**
<u>**COUNT II – ERISA VIOLATION**</u>
**BREACH OF FIDUCIARY DUTIES UNDER
SECTION 502 (A) (3) OF ERISA**

52. Plaintiff reiterates, re-alleges and incorporates by reference all allegations contained in this Complaint in their entirety. In paragraphs 1 through 51.

53. Defendants breached their fiduciary duties as set forth in this Complaint.

54. <u>Relief Requested</u> Plaintiff respectfully requests that: (a) judgment be entered in their favor; (b) Plaintiff seeks declaratory and injunctive relief that she was covered by health insurance premiums paid to Aetna between August 12, 2014 and October 31, 2014 and that she should not have to pay COBRA premiums during that period of time from August 12, 2014 through October 31, 2014 and/or that all medical bills previously paid by Aetna cannot be withdrawn or subject to lesser payment; (c) Defendants be required to pay for and reimburse Plaintiff and others for all other damages and losses sustained by Plaintiff; (d) Plaintiff be provided all other relief that may be necessary to make Plaintiffs whole for the wrongs committed against by Defendants; (e) pre- and post-judgment interest be awarded; and (f) attorney fees and costs be awarded to Plaintiff.

Respectfully submitted,

/s/ Richard P. Neuworth
Richard P. Neuworth, Bar #01052

/s/ Gregg H. Mosson (By dN)
Gregg H. Mosson, Bar # 30178
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 410.296.3030
fax. 410.296.8660
Attorneys for the Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this \_\_\_\_9TH\_\_\_\_ day of July 2015, I served a copy of the complaint on the Honorable Jacob Lew, Secretary of the Treasury, 1400 Pennsylvania Avenue, N.W., Washington, D.C. 20006 and the Honorable Thomas Perez, Secretary of Labor, 200 Constitution Avenue, N. W., Washington, D.C. 20210 by mail postage prepaid.

_____
Richard P. Neuworth